AMERICAN SURETY CO. OF NEW YORK et al. v. GREEK CATHOLIC UNION.

No. 4537.

Circuit Court of Appeals, Third Circuit.

Aug. 14, 1931.

Edmund W. Arthur and James M. Magee, both of Pittsburgh, Pa., for appellants.

Ralph C. Davis and T. S. & O. W. Brown, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge.

This case was heretofore before this court. Reference to 25 F.(2d) 31, will explain its facts and obviate present repetition. Suffice to say the suit was by the Greek Catholic Union, here referred to as the Union, against George Kondor and the

American Surety Company, hereafter called the surety, on its fidelity bond for Kondor. In that case the judgment in favor of the defendants was reversed and a new trial ordered. On the retrial a verdict was found in favor of the Union and, on entry of judgment thereon, defendants took this appeal.

The former opinion fully discussed the alleged facts and set forth the legal principles to be applied in the case on retrial. We assume, as did the court below, that decision settled the law of the case. So regarding it, we decline to review such decision, and limit ourselves to inquiring whether the rulings of the trial judge were in accord with our former decision.

Naturally, the first and basic question to be determined by the jury was whether Kondor had, prior to April 4, 1924, breached the provisions of the surety bond. This issue of fact was so explained at length and in detail to the jury in the judge's charge that when the court, at its close, inquired whether "there had been any omission to which counsel for either side desires the attention of the jury be called," there was no complaint. We therefore accept the finding of the jury that the bond was breached.

Such being the case, the next question was whether, after such breach, the Union released the surety by making the arrangement with the Trust Company of Johnstown. That depended on the answer to the further question whether the arrangement worked any injury to the surety or made its loss greater than it would have been if the arrangement had not been made. In that respect the court, in accordance with our holding when the case was here before, charged: "8. If the jury believe from the evidence that the American Surety Company was liable to the Greek Catholic Union, under its surety contract for the loss suffered by the default of its Treasurer, the agreement entered into between the Greek Catholic Union and the United States Trust Company of Johnstown, Pennsylvania, did not relieve or release the American Surety Company from such liability, unless the jury find that the latter agreement created a material variation, or was a substantial change of said surety contract which change made the Surety Company's risk of loss greater than it would have been if said agreement had not been made. That is affirmed."

On these questions the jury found for the Union. Such being the course of the trial, the trial judge following the principles laid down by this court and the jury finding all the pertinent issues of fact for the plaintiff, we are of opinion no error is shown, and the judgment below is affirmed.